UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,                              Case No. 11-20203

v.                                     HON. AVERN COHN

RICHARD WOOLSEY,

     Defendant.

_____/


**ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND FOR THE
APPOINTMENT OF COUNSEL (Doc. 126)**


This is a criminal case.  It is closed.  A jury convicted defendant Richard Woolsey of one count of Conspiracy to Commit Mail and Wire Fraud and one count of Aiding and Abetting Wire Fraud.  The Court ordered defendant to pay $6,167,230.83 in restitution and sentenced him to ninety months of imprisonment followed by three years of supervised release.  Defendant appealed both the restitution amount and the applicable sentencing guideline range.  The Court of Appeals for the Sixth Circuit affirmed.  United States v. Woosely, No. 14-1693/2488 (6th Cir. Jan. 22, 2016).  Defendant says he is in the process of filing a petition for a writ of certiorari in that he has a pending motion in the Supreme Court for an extension of time in which to file a petition.

Now before the Court is defendant's motion to compel and for the appointment of counsel.  Regarding the motion to compel, defendant asks the Court to order

defendant's attorneys[1] to turn over his criminal file.  He also seeks the appointment of counsel so he can file a motion under 28 U.S.C. § 2255.  The motion is DENIED.

As to the motion to compel, the Court cannot require defendant's attorneys to turn over their file to defendant.  However, the Court notes that defendant's attorneys have an obligation to turn over to the defendant all materials to which he is entitled.  See MRPC 1.16(d) (Exhibit A attached).  It is assume defendant's attorneys will follow their obligation.

As to defendant's request for counsel to assist him in filing a motion under § 2255, defendant does not have a right to be represented by counsel on habeas corpus review.  Wright v. West, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (citations omitted); see also Abdur–Rahman v. Mich. Dep't of Corrections, 65 F.3d 489, 492 (6th Cir.1995).  Thus, there is no basis for the appointment of counsel as requested by defendant.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2016
          Detroit, Michigan

---

[1] It is not clear whether defendant is currently represented by any of the attorneys who assisted in his trial and appeal.